**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DISABILITY RIGHTS PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>PEDIA MANOR,<br><br>Defendant. | : | Civil Action No. ______ |

**COMPLAINT**

## I. Introduction

1. Plaintiff, Disability Rights Pennsylvania (DRP), the organization designated pursuant to federal law to investigate abuse and neglect of Pennsylvanians with disabilities, brings this lawsuit to challenge Defendant Pedia Manor's refusal to provide it access to parental and guardian contact information for its pediatric residents, all of whom have disabilities that qualify them for Plaintiff's protection and advocacy services.

2. Under the Developmental Disabilities Assistance and Bill of Rights Act (DD Act), 42 U.S.C. §§ 15041-15045, DRP is entitled to receive the requested contact information in accordance with its authority to monitor compliance with respect to the rights and safety of service

recipients with developmental disabilities, and to provide them with information about their rights and DRP's work.

3. Defendant's refusal to provide DRP with the requested contact information violates the DD Act. DRP seeks appropriate declaratory and injunctive relief.

## II. Jurisdiction and Venue

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff's claims are authorized by the DD Act, 42 U.S.C. §§ 15041-15045.

6. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(1)-(2) since Defendant is located in this District and all the events and omissions that gave rise to the Complaint occurred in this District.

## III. Parties

7. Plaintiff DRP is a non-profit Pennsylvania corporation. The Commonwealth of Pennsylvania designated DRP as the organization with responsibility to advocate for and protect the rights of individuals with disabilities and to investigate abuse and neglect of individuals with disabilities pursuant to, *inter alia*, the DD Act.

8. Defendant Pedia Manor is designated as a 501(c)(3) non-profit and operates four pediatric care facilities for medically complex children. Defendant's four locations, which are located in Bucks County and known as "Thatcher Home," "Durham Homes I and II," "Old Beth Home," and "Milford Square," serve children with complex developmental disabilities. These disabilities make living at home with their families challenging absent appropriate supports.

## IV. Factual Background

9. DRP is the protection and advocacy system designated by the Commonwealth of Pennsylvania to protect the rights of and advocate for Pennsylvanians with developmental disabilities pursuant to the DD Act. 42 U.S.C. §§ 15041, 15043.

10. For purposes of the DD Act, for an individual aged nine and older, a developmental disability is a severe, chronic disability that is attributable to a mental or physical impairment, is manifested before the age of 22, is likely to continue indefinitely, results in substantial functional limitations in three or more specified major life activities, and reflects the individual's need for services, supports, or other forms of assistance. *Id.* § 15002(8)(A). An individual under the age of nine is considered to have a developmental disability for purposes of the DD Act if their disability meets

the criteria stated above or, alternatively, if they have a "substantial developmental delay or specific congenital or acquired condition," and absent "services and supports, ha[ve] a high probability of meeting those [same] criteria later in life." *Id.* § 15002(8)(B).

11. The DD Act confers upon protection and advocacy systems, such as DRP, the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals within the state who are being considered for a change in living arrangements, as well as to provide information on and referral to programs and services addressing the needs of individuals with developmental disabilities. *Id.* § 15043(a)(2)(A).

12. To ensure that protection and advocacy systems, such as DRP, can implement their authority, the DD Act provides them with certain tools. Among those tools is the right to access the records of individuals with developmental disabilities under defined circumstances. *Id.* § 15043(a)(2)(I).

13. Protection and advocacy systems, such as DRP, have the right to access the records of individuals with developmental disabilities if, *inter alia*, they or their legal representatives authorize such access. *Id.* §

15043(a)(2)(I)(i). Legal representatives include parents or guardians of minor children.

14. In the absence of authorization by an individual with a disability to allow a protection and advocacy system access to their records, the protection and advocacy system may nevertheless access such records if, *inter alia*: (a) the individual has a legal representative; (b) the system has received a complaint about the individual or has probable cause to believe that the individual has been subject to abuse or neglect; (c) the system has contacted the legal representative "upon receipt of the name and address of such representative" and offered assistance to the representative; and (d) "such representative has failed or refused to act on behalf of the individual." *Id.* § 15043(a)(2)(I)(iii).

15. In situations in which a protection and advocacy system needs to seek authorization from a minor child's legal representative, but it lacks knowledge of who the legal representatives are or how to reach them, *and* it lacks probable cause to warrant access absent authorization, the facility in which the child resides must provide the protection and advocacy system with the child's legal representative's "name, address and telephone number[.]" 45 C.F.R. § 1326.26.

16. Plaintiff is currently investigating the shortage of in-home pediatric shift care nurses, and how this shortage impacts whether medically complex children can live at home with their families. As part of that investigation, it is trying to contact parents and guardians of medically complex children who are residing in pediatric long-term care facilities so that it can better understand how, if at all, those families have been impacted by the nursing shortage, as well as request their consent to access their children's records, if warranted.

17. Because the medically complex children at issue in this investigation are minors, they cannot provide DRP with consent to access their records. In May 2026, Plaintiff therefore began contacting pediatric care facilities, including Defendant Pedia Manor, to request that they provide DRP with "the contact information for the parents or other legal guardians or representatives of Pennsylvania children and youth who are currently receiving inpatient or residential services in any facility [they] operate[,]" to enable DRP to seek their consent to request their children's records. DRP sent Pedia Manor a letter with such a request via First-Class Mail on May 27, 2026, and asked that it provide DRP with the requested information no later than June 12, 2026. Pedia Manor did not respond to the letter.

18. DRP sent Pedia Manor a follow-up letter via First-Class Mail on June 30, 2026, reiterating its previous request, and asking for a response no later than July 10, 2026. Pedia Manor again failed to respond to the letter.

19. On July 27, 2026, DRP sent an email to Pedia Manor, following up on its previous letters, and attaching them to the email. In that email, DRP requested a response no later than August 7, 2026.

20. On August 10, 2026, after Pedia Manor had again failed to respond to DRP's requests for information, Plaintiff sent another email to Pedia Manor, this time utilizing a different staff member's email address. Less than an hour later, Sudesh Singh, Pedia Manor's Chief Executive Officer, responded with the following: "I will save you some time and effort. Please send me a court order or authorization from the [C]ommonwealth. Without that I don't know you folks from Adam and have instructed my staff to ignore all correspondence from your outfit."

21. The next day, Plaintiff did as requested, and emailed Mr. Singh documentation establishing that the Commonwealth of Pennsylvania had designated it as the protection and advocacy agency for Pennsylvania. Additionally, Plaintiff requested that Mr. Singh connect it with Pedia

Manor's legal counsel if it remained Pedia Manor's position that it need not comply with DRP's request. Mr. Singh never replied to that email.

22. On September 24, 2026, Plaintiff made one final attempt to get the requested contact information from Defendant. DRP sent another email to Mr. Singh, attached to which was a letter reiterating its legal authority for the request, and advising that DRP would pursue litigation to secure the requested information absent a response by October 8, 2026. As of the date of this filing, Defendant has not responded.

## V. **Claim**

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. DRP is designated as the protection and advocacy system in Pennsylvania pursuant to the DD Act.

25. The DD Act confers authority on DRP to "pursue legal, administrative, or other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of" Pennsylvanians with developmental disabilities who are or who may be eligible for treatment, services or habilitation. 42 U.S.C. § 15043(a)(2)(A)(i).

26. Residents of Pedia Manor's facilities have developmental disabilities. Accordingly, they are within the group of persons for whom DRP may advocate under the DD Act.

27. Defendant has refused to provide DRP with contact information for the legal representatives of its pediatric residents so that DRP may offer assistance to those families, investigate possible barriers to their children living at home, and seek their consent to request their children's records.

28. Under the DD Act, DRP may access the records of a minor with developmental disabilities if their legal representative has authorized such access. 42 U.S.C. § 15043(a)(1); 45 C.F.R. § 1326.25(a)(1). To enable DRP to exercise its access authority and seek the required authorization, facilities, such as Defendant Pedia Manor, must share parent or guardian contact information with DRP.

29. Defendant was required to respond to DRP's request for contact information in writing *and* provide DRP with the contact information for the legal representatives of the individuals whose records DRP sought in the context of *denying* that same request for the information. 45 C.F.R. § 1326.26 ("The P&A System shall be provided . . . with a written statement of reasons for the denial or delay. In the case of a denial for alleged lack of authorization, the name, address and telephone number of individuals with developmental disabilities and legal guardians, conservators, or other legal representative will be included in the aforementioned response."). Defendant failed to do either.

30. Defendants' actions and omissions thus violate the DD Act and its implementing regulations.

## VI. Relief Requested

Plaintiff respectfully requests that the Court award the following relief:

a. exercise jurisdiction over this action;

b. issue appropriate declaratory and injunctive relief; and

c. grant such other relief as may be appropriate.

Date: October 9, 2026

**Respectfully Submitted**,

By: /s/ Alexandra Hermann
Alexandra Hermann (PA I.D. No. 329343)
Disability Rights Pennsylvania
1800 John F. Kennedy Boulevard
Suite 900
Philadelphia, PA 19103
Office: 215-238-8070
Fax: 215-772-3126
ahermann@disabilityrightspa.org

*and*

/s/ Rhonda Brownstein
Rhonda Brownstein (PA I.D. No. 46866)
Disability Rights Pennsylvania
1800 John F. Kennedy Boulevard
Suite 900
Philadelphia, PA 19103
Office: 215-238-8070
Fax: 215-772-3126
rbrownstein@disabilityrightspa.org

*Counsel for Plaintiff*